IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MICHAEL MOGAN,

Plaintiff,

-against-

PORTFOLIO MEDIA INC.

Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

No. 1:23-cv-02868

Hon. Matthew F. Kennelly

**DEFENDANT PORTFOLIO MEDIA INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

DAVIS WRIGHT TREMAINE LLP

Harris L. Kay
William E. Walsh
300 North LaSalle Street, Suite 2200
Chicago, IL 60654
Phone: (312) 820-5130
harriskay@dwt.com
billwalsh@dwt.com

Elizabeth A. McNamara (*pro hac vice*)
Hilary Oran (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone: (212) 489-8230
lizmcnamara@dwt.com
hilaryoran@dwt.com

*Attorneys for Defendant Portfolio Media, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..... 1

FACTUAL BACKGROUND ..... 1

A. The Parties ..... 1

B. Mogan's Litigations ..... 2

C. 2022 Article: Reporting on Orders Issued in *Sacks, Ricketts & Case* ..... 3

D. 2023 Article: Reporting on *State Bar of California* and Related Cases ..... 4

E. The Amended Complaint ..... 5

ARGUMENT ..... 5

I. LAW360'S REPORTING IS PROTECTED BY THE FAIR REPORT PRIVILEGE ..... 6

A. New York's Law Governs the Fair Report Privilege ..... 6

B. The Articles are Absolutely Privileged ..... 7

1. Statements 1 and 7 are Direct Quotes from Court Orders ..... 8

2. Statements 2, 3, and 6 Accurately Report on the Courts' Descriptions of Plaintiff's Actions ..... 9

3. Statements 4 and 5 Accurately Report on the Nature of the Proceedings ..... 11

II. PLAINTIFF FAILS TO ALLEGE FAULT ..... 12

CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................13

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................5

*Biro v. Condé Nast*,
883 F. Supp. 2d 441 (S.D.N.Y. 2012)....................11

*Brownmark Films, LLC v. Comedy Partners*,
682 F.3d 687 (7th Cir. 2012) ....................2

*Chi v. Loyola Univ. Med. Ctr.*,
787 F. Supp. 2d 797 (N.D. Ill. 2011) ....................6, 12

*D'Annunzio v. Ayken, Inc.*,
876 F. Supp. 2d 211 (E.D.N.Y. 2012). ....................7

*Ellis v. Starbucks Corp.*,
2015 WL 8293965 (N.D. Cal. Dec. 9, 2015)....................13

*Ennenga v. Starns*,
677 F.3d 766 (7th Cir. 2012) ....................1

*Evanger's Cat & Dog Food Co., Inc. v. Thixton*,
412 F. Supp. 3d 889 (N.D. Ill. 2019)....................13

*Fairbanks v. Roller*,
314 F. Supp. 3d 85 (D.D.C.2018)....................5

*Idema v. Wager*,
120 F. Supp. 2d 361 (S.D.N.Y. 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002)....................7, 12

*Kesner v. Dow Jones & Co.*, Inc.,
515 F. Supp. 3d 149 (S.D.N.Y. 2021)....................8

*Kinsey v. N.Y. Times Co.*,
2020 WL 1435141 (S.D.N.Y. Mar. 3, 2020), *aff'd*, 991 F.3d 171 (2d Cir. 2021)....................7

*Ludlow v. Nw. Univ.*,
79 F. Supp. 3d 824 (N.D. Ill. 2015) ....................2

*Michel v. NYP Holdings, Inc.*,
816 F.3d 686 (11th Cir. 2016) ....................5

*Mogan v. Sacks, Ricketts & Case LLP*,
2022 WL 94927 (N.D. Cal. Jan. 10, 2022), *aff'd*, 2023 WL 2983577 (9th Cir. Apr. 18, 2023) ....................2-4, 11

*Mogan v. Sacks, Ricketts & Case LLP et al.*,
3:21-cv-08431 (N.D. Cal.) ....................3

*Mogan v. State Bar of California*,
2:23-cv-00930 (C.D. Cal.) ....................4, 11-12

*Pippen v. NBC Universal Media, LLC*,
2012 WL 12903167 (N.D. Ill. Aug. 2, 2012), *aff'd sub nom. Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610 (7th Cir. 2013) ....................13

*Thomas v. City of New York*,
2018 WL 5791965 (E.D.N.Y. Nov. 5, 2018) ....................9

*West Bend Mut. Ins. Co. v. Arbor Homes LLC*,
703 F.3d 1092 (7th Cir.2013) ....................6

*Wilkow v. Forbes, Inc.*,
2000 WL 631344 (N.D. Ill. May 15, 2000), *aff'd*, 241 F.3d 552 (7th Cir. 2001) ....................6-7

*Wisk Aero LLC v. Archer Aviation Inc.*,
2023 WL 3919469 (N.D. Cal. June 9, 2023) ....................12

*Zappin v. Daily News, L.P.*,
2017 WL 3425765 (S.D.N.Y. Aug. 9, 2017) ....................11

*Zoellner v. City of Arcata*,
588 F. Supp. 3d 979 (N.D. Cal. 2022) ....................12

**State Cases**

*Alf v. Buffalo News, Inc.*,
995 N.E.2d 168 (2013) ....................8

*Cholowsky v. Civiletti*,
887 N.Y.S.2d 592 (N.Y. App. Div. 2009) ....................11

*Cruz v. Latin News Impacto Newspaper*,
216 A.D.2d 50 (N.Y. App. Div. 1995) ....................8

*Eubanks v. Northwest Herald Newsp.*,
397 Ill. App. 3d 746 (2010) ....................8

*Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co.*,
399 N.E.2d 1185 (N.Y. 1979) .......... 8, 11-12

*Jackson v. Mayweather*,
10 Cal. App. 5th 1240 (Cal. App. Div. 2017) .......... 8

*Lacher v. Engel*,
33 A.D.3d 10 (N.Y. App. Div. 2006) .......... 8

*Misek-Falkoff v. Am. Lawyer Media, Inc.*,
300 A.D.2d 215 (N.Y. App. Div. 2002) .......... 8

*Mulder v. Donaldson, Lufkin & Jenrette*,
161 Misc. 2d 698 (Sup. Ct. N.Y. Ctny. 1994), *aff'd*, 208 A.D.2d 301 (N.Y. App. Div. 1995) .......... 8

*Palmieri v. Thomas*,
29 A.D.3d 658 (N.Y. App. Div. 2006) .......... 7

*Solaia Tech., LLC v. Specialty Pub. Co.*,
221 Ill. 2d 558 (2006) .......... 7, 12

**State Statutes**

Cal. Civ. Code § 45 .......... 12

N. Y. Civ. Rights Law § 74 .......... 7-9, 11-12

**Rules**

Fed. R. Civ. P.12 .......... 1, 5

Defendant Portfolio Media, Inc. ("Portfolio Media") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

Based on his filing of a "frivolous" action, two different courts sanctioned Plaintiff for his behavior and a disciplinary proceeding was commenced. Yet it seems Plaintiff will not be deterred. He now files this baseless defamation action against Portfolio Media arising out of its straight-forward, fair and accurate reporting on those judicial proceedings. All the statements challenged as false and defamatory are only direct quotes from or accurate characterizations of court orders and, as such, are squarely protected by the fair report privilege, which immunizes publishers from suits based on a fair and true report of judicial proceedings. Plaintiff may disagree with the various court rulings and, in turn, the articles' accounts of those rulings, but this does not defeat the privilege's absolute shield from liability. Such broad protection is necessary in order to avoid inhibiting the press in its reporting on official proceedings.

Plaintiff's claims independently fail because the Amended Complaint does not allege any facts to support a finding of fault. For the reasons set forth below, Portfolio Media respectfully requests that this Court dismiss the Amended Complaint with prejudice.

**FACTUAL BACKGROUND**

**A. The Parties**

Plaintiff Michael Mogan is an attorney licensed to practice in California. *See* Ex. 1 ¶ 1 ("Notice of Disciplinary Charges").[1] Portfolio Media owns and operates Law360, a leading

[1] Ex. __ refers to the exhibits annexed to the Declaration of Elizabeth A. McNamara, dated July 13, 2023 and filed contemporaneously with this memorandum of law. The Court may take judicial notice of the contents of court records without converting a motion to dismiss into one for summary judgment. *Ennenga*

provider of legal news, and the New York based publisher of the articles at issue. ECF No. 4 ("Am. Compl.") ¶¶ 2, 10, 15; Ex. 2 (the "2022 Article"); Ex. 3 (the "2023 Article") (the "Articles").[2]

**B. Mogan's Litigations**

This lawsuit stems from Law360's reporting on two cases involving Plaintiff. Both cases relate to a 2018 lawsuit he filed against Airbnb employees on behalf of his client, Veronica McCluskey, in San Francisco Superior Court ("*McCluskey*"). The Airbnb defendants successfully moved to compel arbitration, and the court stayed the case pending the outcome of those arbitration proceedings. *Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 94927, at *2 (N.D. Cal. Jan. 10, 2022) (describing *McCluskey*'s procedural history), *aff'd*, 2023 WL 2983577 (9th Cir. Apr. 18, 2023). After the American Arbitration Association ("AAA") closed the arbitration in error, despite Airbnb's timely payment of its registration fees, Mogan filed a motion to lift the stay in California state court, alleging that the Airbnb defendants were in default in the arbitration. *Id*. at *2-*3. The state court denied the motion, explaining that once "AAA realized and acknowledged its mistake, it requested confirmation from plaintiff [McCluskey] that she wants the case reopened . . . but Plaintiff's counsel [Mogan] did not respond to that repeated request by the AAA," and instead, filed the motion to lift the stay. *Id.* at *2. Ultimately, Airbnb's counsel successfully moved for sanctions based on this conduct in *McCluskey*. *Id*. at *3; *see* Ex. 4. In granting the motion, the court explained that the motion to lift the stay was "both legally and factually frivolous." Ex. 4 at

*v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012). For the same reason, the Court may take judicial notice of Exs. 4 ("*McCluskey* Sanctions Order"), 5 ("January Order"), and 6 ("May Order").

2 The Court may consider the Articles on this motion because they form the basis for Plaintiffs claims and are incorporated by reference into the Amended Complaint. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); *Ludlow v. Nw. Univ.*, 79 F. Supp. 3d 824, 838 (N.D. Ill. 2015) (in a motion to dismiss, the court "proper[ly]" considered allegedly defamatory article attached to defendants' response because it was "referenced in the complaint and central to [Plaintiff's] claims").

1. It ordered that Mogan, but not McCluskey, pay the Airbnb defendants' attorneys' fees.[3] *Id.*

### C. 2022 Article: Reporting on Orders Issued in *Sacks, Ricketts & Case*

In September 2021, Plaintiff filed a complaint in federal court against Airbnb and related defendants alleging abuse of process and other claims. *Mogan v. Sacks, Ricketts & Case LLP et al.*, 3:21-cv-08431 (N.D. Cal.) ECF 1. On January 10, 2022, the court granted the defendants' motion to dismiss. *Id*. ECF 38. On January 12, 2022, the court granted the defendants' motion for sanctions and held reasonable attorneys' fees and costs were appropriate. (the "January Order").[4] Ex. 5. On May 9, 2022, the court awarded the fees allowed under the January Order. Ex. 6.

The May 10, 2022 Article, *Airbnb Wins $162K In Fees From Sanctioned Calif. Atty* (Ex. 2), reports on the May Order as well as on the facts that led to the January Order. Plaintiff contends that several of the Article's statements—italicized below—are false and defamatory.

The Article opens: "A California attorney must pay more than $162,000 in attorney fees after he *was sanctioned for filing a 'frivolous' lawsuit against Airbnb Inc. and three of its employees over other sanctions levied against Plaintiff in an underlying action*, a Golden State federal judge ruled[.]" Ex. 2 (emphasis added); Am. Compl. ¶ 11 ("**Statement 1**"). The Article explains that this May fee order followed the January Order, in which the court found that Plaintiff "*filed a frivolous suit accusing Airbnb of fraud, harassment and extortion after the rental company successfully moved for sanctions against [Plaintiff] for attempting to reopen his client's case after it had been dealt with through arbitration*." Ex. 2 (emphasis added); Am. Compl. ¶ 12

[3] In addition to appealing the sanctions order (which was upheld), Mogan also filed a complaint against the state court judge who entered the sanctions order and against the Appellate Court Justice who authored the opinion affirming the order. That case was dismissed. *Sacks, Ricketts & Case*, 2022 WL 94927 at *4.

[4] Mogan appealed, among other orders, the court's decision to sanction him and to dismiss his claims. *Ricketts & Case LLP et al*, 3:21-cv-08431 (N.D. Cal.) ECF 68. The Ninth Circuit affirmed the lower court rulings, noting that Plaintiff's arguments were "meritless." ECF 96 at 6, 7 n.6.

(“**Statement 2**”).

The Article then reports on the *McCluskey* case, the action that ultimately led to the *Sacks, Ricketts & Case* lawsuit: “Mogan represented Veronica McCluskey in California state court…*The case went to arbitration, and while Airbnb paid its arbitration fee within a legal timeframe, the transaction was not properly recorded. Mogan attempted to use the clerical error as a wedge to reopen the case in state court*, but the court ruled that transactional error was not a way out of McCluskey’s contractual obligation to arbitrate her claim and the court admonished Mogan for lying about when Airbnb made its payment. He was ordered to pay $22,160 for Airbnb's legal fees defending the motion.” Ex. 2 (emphasis added); Am. Compl. ¶ 13 (“**Statement 3**”). The Article continues, “Mogan hit back and filed suit against Airbnb . . . *asking to have the sanctions against him lifted* and alleging abuse of process and unfair business practices from conspiracy to racketeering.” Ex. 2 (emphasis added); Am. Compl. ¶ 14 (“**Statement 4**”).

**D. 2023 Article: Reporting on *State Bar of California* and Related Cases**

On February 6, 2023, the State Bar of California filed a Notice of Disciplinary Charges against Mogan. Ex. 1. Those proceedings were filed, in part, because Mogan “disobeyed or violated an order” by failing to pay sanctions ordered in *McCluskey*. *Id*. at ¶ 2. After receiving the Notice, Mogan filed suit in federal court against the State Bar of California, alleging violations of the Americans with Disabilities Act, among other claims, concerning its alleged failure to delay the proceedings. *Mogan v. State Bar of California*, 2:23-cv-00930 (C.D. Cal.), ECF 1.

The May 8, 2023 Article, *Calif. Atty's ADA Suit Against State Bar Facing Uphill Battle* (Ex. 3), reports on a public judicial hearing held in the *State Bar of California* case via Zoom.[5]

[5] The Article reports that during this conference, the judge issued a tentative ruling against Plaintiff. Ex. 3; 23-cv-00930 ECF 16. A final order granting the defendant’s motion to dismiss was issued on July 7, 2023. ECF 17.

This Article also refers to—and quotes from—the *McCluskey* Sanctions Order as well as to the Notice of Disciplinary Charges. To orient readers to the web of actions stemming from the Airbnb arbitration, the Article explains: "The *federal case stems from a lawsuit filed in San Francisco County Court* by plaintiff Veronica McCluskey against three AirBnb employees . . . in which Mogan represented McCluskey." Ex. 3 (emphasis added); Am. Compl. ¶ 16 ("**Statement 5**"). In that case, the judge ordered Mogan to pay sanctions "after finding Mogan filed a 'factually and legally frivolous' motion that, among other things, *tried to take advantage of a clerical error by the AAA and avoid the court's order to arbitrate the dispute*." Ex. 3 (emphasis added); Am. Compl. ¶ 18 ("**Statement 6**"). The Article then quotes from the *McCluskey* Sanctions Order, noting that the judge "also held that Mogan '*compounds his misconduct' by accusing his opposing counsel of committing a fraud on the court, which the judge found 'baseless and unprofessional.*'" Ex. 3 (emphasis added); Am. Compl. ¶ 17 ("**Statement 7**").

**E. The Amended Complaint**

Plaintiff alleges that Statements 1-5 constitute defamation *per se*. Am. Compl. ¶ 20. He also alleges that those Statements, along with Statements 6 and 7, cast him in a "publicly false and damaging light." *Id.* ¶ 31. His claims are without merit and should be dismissed with prejudice.

## ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff must do "more than labels and conclusions" to support its claim. *Id.* at 555. Courts consistently recognize that defamation claims are particularly well-suited for pretrial resolution. *See, e.g.*, *Fairbanks v. Roller*, 314 F. Supp. 3d 85, 89 (D.D.C.2018) ("Early resolution of defamation cases . . . provides assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive."); *Michel v. NYP Holdings, Inc.*, 816

F.3d 686, 702 (11th Cir. 2016) ("[T]here is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation.").

## I. LAW360'S REPORTING IS PROTECTED BY THE FAIR REPORT PRIVILEGE

### A. New York's Law Governs the Fair Report Privilege

When a court exercises diversity jurisdiction, it "must apply the choice of law principles of the forum state . . . to determine which state's substantive law governs the proceeding." *West Bend Mut. Ins. Co. v. Arbor Homes LLC*, 703 F.3d 1092, 1095 (7th Cir.2013). In Illinois, "courts use the most significant contacts test in resolving conflicts of law." *Chi v. Loyola Univ. Med. Ctr.*, 787 F. Supp. 2d 797, 801 (N.D. Ill. 2011) (Kennelly, J.). This test is also used to determine "whether a person is excused from liability by reason of the fact that his action was required or privileged by the local law of the state where he acted." *Wilkow v. Forbes, Inc.*, 2000 WL 631344, at *6 (N.D. Ill. May 15, 2000), *aff'd*, 241 F.3d 552 (7th Cir. 2001). In making this assessment, the court considers: "(1) the place of the injury; (2) the place where the injury-causing conduct occurred; (3) the parties' domiciles; and (4) the place where the relationship between the parties is centered." *Id*. "Illinois courts also consider the interests and public policies of potentially concerned states ... as they relate to the transaction in issue." *Id*.

The test's four factors, alone, do not yield a clear answer to the choice of law question. The injury and the injury-causing conduct occurred in different locations (California and New York, respectively). The parties are domiciled in different locations (Illinois and New York), and there is no relationship between the parties. Instead, as *Wilkow* found, public policy is decisive. There, like here, an Illinois plaintiff brought a libel suit about an article written and published in New York and the defendant argued the article was privileged under New York's fair report privilege. *Wilkow* recognized "New York has a strong interest in encouraging unfettered expression by protecting certain types of speech within its borders. . . . This policy would be wholly

eviscerated if conduct occurring in New York was evaluated under another state's privilege laws." *Id*. at *7; *see also Idema v. Wager*, 120 F. Supp. 2d 361, 366 (S.D.N.Y. 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002) (explaining that New York's fair report statute was enacted to "avoid stifling 'an active, thriving, and untrammeled press' and "broad[ly] protect" the "press' right to report"). Critically, "the fair reporting privilege is meant to protect speakers, not provide a remedy to plaintiffs." *Wilkow,* 2000 WL 631344, at *7. Accordingly, *Wilkow* held that the writing and publishing decisions occurred in New York gave that state "a more substantial relationship with the conduct at issue here" and required application of its fair report privilege. *Id*.

The same outcome is warranted here. Law360 published the Articles in New York, where Portfolio Media is based. Am. Compl. ¶ 5. New York has an absolute fair report privilege that conflicts with Illinois's qualified privilege. *Compare Solaia Tech., LLC v. Specialty Pub. Co*., 221 Ill. 2d 558, 585 (2006) *with* N.Y. CIV. RIGHTS LAW ("NYCRL") §74. As *Wilkow* observed, "New York's interest in fixing the scope of a privilege applicable to conduct taking place within its borders is paramount." *Wilkow*, 2000 WL 631344, at *7.

**B. The Articles are Absolutely Privileged**

The Articles are textbook examples of fair and accurate reporting that is absolutely privileged under New York's fair report privilege. The privilege provides that a "civil action cannot be maintained . . . for the publication of a fair and true report of any judicial proceeding." NYCRL §74. "The purpose of providing immunity to fair and true reports of judicial proceedings is…to serve the public interest in having proceedings of courts of justice public, not secret, for the greater security thus given for the proper administration of justice." *D'Annunzio v. Ayken, Inc*., 876 F. Supp. 2d 211, 217 (E.D.N.Y. 2012). Application of the privilege is a question of law for the court, and is routinely applied to grant motions to dismiss. *See, e.g.*, *Kinsey v. N.Y. Times Co.*, 2020 WL 1435141, at *7 (S.D.N.Y. Mar. 3, 2020), *aff'd*, 991 F.3d 171 (2d Cir. 2021); *Palmieri v.*

*Thomas*, 29 A.D.3d 658, 659 (N.Y. App. Div. 2006).

"For a report to be characterized as 'fair and true' within the meaning of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate." *Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co.*, 399 N.E.2d 1185, 1187 (N.Y. 1979). "The question is not whether or not the statement is 'true.' The question is whether it is a substantially accurate description of the…proceeding." *Mulder v. Donaldson, Lufkin & Jenrette*, 161 Misc. 2d 698, 705 (Sup. Ct. N.Y. Ctny. 1994), *aff'd*, 208 A.D.2d 301 (N.Y. App. Div. 1995). Minor inaccuracies are not enough "to remove a party's reportage from the protection of Civil Rights Law § 74." *Misek-Falkoff v. Am. Lawyer Media, Inc.*, 300 A.D.2d 215, 216 (N.Y. App. Div. 2002). Therefore, "[w]hen determining whether an article constitutes a 'fair and true' report, the language used therein should not be dissected and analyzed with a lexicographer's precision." *Alf v. Buffalo News, Inc.*, 995 N.E.2d 168, 169 (2013).

There can be no dispute that each of the challenged Statements accurately report on judicial rulings or proceedings and are absolutely privileged as a result.[6]

**1. Statements 1 and 7 are Direct Quotes from Court Orders**

Statements 1 and 7, which quote from court orders, indisputably are protected by the fair report privilege. *See Kesner v. Dow Jones & Co.*, Inc., 515 F. Supp. 3d 149, 174 (S.D.N.Y. 2021) (quoting *Lacher v. Engel*, 33 A.D.3d 10, 17 (N.Y. App. Div. 2006) ("Comments that essentially

[6] New York law does not recognize false light claims. *Cruz v. Latin News Impacto Newspaper*, 216 A.D.2d 50, 51 (N.Y. App. Div. 1995). But if either California or Illinois law applies to the tort claims, (*see infra* n.8), the false light claim (Statements 1-7) is defeated by the fair report privilege. *See Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1264 (Cal. App. Div. 2017) ("[W]hen a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action."); *Eubanks v. Northwest Herald Newsp.*, 397 Ill. App. 3d 746, 751 (2010) (affirming summary judgment on defamation and false light claims based on the fair report privilege).

summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within § 74's privilege.").

**Statement 1** quotes directly the May Order, which states: "On January 12, 2022, the Court granted Airbnb Defendants' Motion for Sanctions. . . . The Court held Mogan violated Federal Rule of Civil Procedure 11 by *filing a frivolous complaint*[.]" Ex. 6 at 2 (emphasis added); *compare* Ex. 2 at 1 ("[Mogan] must pay. . . attorney fees after he was sanctioned for filing a "frivolous" lawsuit against Airbnb Inc. and three of its employees over other sanctions levied against him in an underlying action[.]").

**Statement 7** directly quotes from the *McCluskey* Sanctions Order: "[Mogan] now *compounds his misconduct* by accusing defendants' counsel of [various allegations, including accusing defendants counsel of] 'continued attempts to *commit fraud upon this Court'*. . . which the Court finds to be *baseless and unprofessional*". Ex. 4 at 1; *compare* Ex. 3 at 1 ("[The judge] held that Mogan "compounds his misconduct" by accusing his opposing counsel of committing a fraud on the court, which the judge found "baseless and unprofessional."). Plaintiff's allegation that he has "proven" to the Appellate court that "opposing counsel did misrepresent the facts" is irrelevant. Am. Compl. ¶ 17. The privilege protects statements that accurately reflect what is asserted in the judicial proceeding, irrespective of whether those statements themselves are accurate. *See Thomas v. City of New York*, 2018 WL 5791965, at *9 (E.D.N.Y. Nov. 5, 2018) (explaining that publications are protected by the fair report privilege "even if the published allegations later turn out to be false."). As such, Statements 1 and 7 are privileged fair reports.

**2. Statements 2, 3, and 6 Accurately Report on the Courts' Descriptions of Plaintiff's Actions**

Statements 2, 3 and 6 describe Mogan's lawsuits using or characterizing various rulings. **Statement 2** refers to the January Order, and accurately observes that the court concluded that

Plaintiff "filed a frivolous suit accusing Airbnb of fraud, harassment and extortion." Ex. 2. Indeed, the court described Mogan's allegations as: "(1) Airbnb failed to pay its arbitration fee on time and lied about it, and (2) Airbnb sought sanctions for improper purposes like *harassment* and *extortion*." Ex. 5 at 4 (emphasis added). Similarly, the Order explains: "the [*McCluskey*] court's order admonished Mogan personally for his 'baseless and unprofessional' accusations that *Airbnb lied and committed fraud upon the court with respect to the timeliness of the payments*." *Id*. (emphasis added). The court concluded that these allegations were "frivolous." *Id*.

Similarly, **Statement 3** reports: "[W]hile Airbnb paid its arbitration fee within a legal timeframe, the transaction was not properly recorded," and "Mogan attempted to use the clerical error as a wedge to reopen the case in state court." Ex. 2. Again, this accurately summarizes the January Order which states: "the state trial court found that Airbnb had timely paid its arbitration fee, that the American Arbitration Association made a clerical error by misapplying defendants timely fees' and administratively closing the case." Ex 5 at 3. And later: "The [state] court reiterated that AAA misapplied the timely fees paid by Airbnb and that Mogan sought to take advantage of the AAA's clerical error and [McCluskey's] own lengthy delays in order to evade her contractual obligation to arbitrate her claims and to avoid the effect of the Court's earlier order granting defendants' motion to compel arbitration." *Id*. at 4.

**Statement 6** is a fair report of the *McCluskey* Sanctions Order. *See,* Ex. 3. There, the court wrote: "[Mogan] did not respond to that repeated request by the AAA, but instead brought the frivolous motion to lift the stay, by which *counsel sought to take advantage of AAA's clerical error* and [McCluskey's] own lengthy delays in order to evade her contractual obligation to arbitrate her claims *and to avoid the effect of the Court's earlier order granting defendants' petition to compel arbitration.*" Ex. 4 at 1 (emphasis added); *compare* Ex. 3 at 1 ("The judge in the state case in 2019

. . . [found that] Mogan filed a 'factually and legally frivolous' motion that, among other things, tried to take advantage of a clerical error by the [AAA].").

Plaintiff undoubtedly disagrees with the courts' rulings and the Articles' depiction of him, but this is not a basis to overcome the fair report privilege. Maintaining Section 74's protections do not require "that the publication report the plaintiff's side of the controversy." *Cholowsky v. Civiletti*, 887 N.Y.S.2d 592, 596 (N.Y. App. Div. 2009); *see also Biro v. Condé Nast*, 883 F. Supp. 2d 441, 479 (S.D.N.Y. 2012) (that the plaintiff "disagrees with the allegations contained in the affidavit does not affect whether the statement is a fair and true report of the allegations it paraphrases."). Plaintiff "conflates the question whether Defendant's coverage offers an accurate report of [the various court] decision[s] with whether the decision[s] itself has merit." *Zappin v. Daily News, L.P.*, 2017 WL 3425765, at *12 (S.D.N.Y. Aug. 9, 2017). Because Statements 2, 3, and 6 accurately report on the January Order and the *McCluskey* Sanctions Order, they are protected by the fair report privilege.

### 3. Statements 4 and 5 Accurately Report on the Nature of the Proceedings

Statements 4 and 5 concern the underlying claims in the *Sacks, Ricketts & Case* and *State Bar of California* actions. Both are straight forward and accurate reports.

**Statement 4** accurately states that Mogan asked to "have the sanctions against him lifted" in *Sacks, Ricketts & Case*. Ex. 2. There, Plaintiff asserted a claim for abuse of process, effectively seeking to lift the sanctions award. *Sacks, Ricketts & Case*, 2022 WL 94927 at *4. Further, the January Order, which granted the sanctions motion, explains that Plaintiff opposed the sanctions motion at issue and appealed the sanctions ordered against him in *McCluskey*. Ex. 5 at 1, 4. The "gist" of the Article's statement is thus accurate and protected by the fair report privilege. *See Holy Spirit*, 49 N.Y.2d at 68 (a "fair report which is not misleading, composed and phrased in good faith" may not be "parsed and dissected on the basis of precise denotative meanings which may

literally, although not contextually, be ascribed to the words used.").

**Statement 5** merely observes that the "federal case [*State Bar of California*] stems from a lawsuit filed in a San Francisco County Court." Ex. 3. The *State Bar* action was in direct response to the disciplinary proceedings in the State Bar Court, which were filed, in part, because Plaintiff "disobeyed or violated an order" by failing to pay sanctions as ordered in the *McCluskey* case. Ex. 1 ¶ 2. Indisputably, the action "stem[med]' from the *McCluskey* case filed in California state court.

In short, Statements 4 and 5 accurately characterize the proceedings.[7] "Section 74 does not require that a defendant report exact words or exact language." *Idema*, 120 F. Supp. 2d at 369. It is enough that the Articles convey a substantially correct account of the proceedings. *Holy Spirit Ass'n*, 49 N.Y.2d at 67.

## II. PLAINTIFF FAILS TO ALLEGE FAULT

Under Illinois or California law,[8] Plaintiff fails to sufficiently allege fault. If a plaintiff is a public figure (including limited public purpose figures), it must plead that the statements were published with actual malice. *Wisk Aero LLC v. Archer Aviation Inc.,* 2023 WL 3919469, at *10 (N.D. Cal. June 9, 2023). Otherwise, the plaintiff must plead that the statements were published with negligence—that is, whether the defendant acted with reasonable care in determining the truth or falsity of the statements prior to their publication. *See Zoellner v. City of Arcata,* 588 F. Supp.

[7] Under any analysis or applicable law, **Statements 4 and 5** independently fail as they are not defamatory. A statement is defamatory if it "exposes any person to hatred, contempt, ridicule, or obloquy, or . . . causes him to be shunned or avoided, or . . . has a tendency to injure him in his occupation." CAL. CIV. CODE § 45. *See, also, Solaia Tech., LLC.*, 221 Ill. 2d at 580 (explaining, as relevant here, that defamatory statements are those that impute "a person is unable to perform or lacks integrity in performing her" or "a person lacks ability or otherwise prejudices that person in her or his profession"). Plaintiff was entitled to challenge the sanctions award. This is not an action that would expose him to "hatred" or "ridicule." And certainly the procedural history of a case—and where that case "stems" from—is not something that would "tend[] to injure" Plaintiff in his occupation.

[8] "Illinois follows the doctrine of dépeçage which refers to the process of cutting up a case into individual issues, each subject to a separate choice-of-law analysis." *Chi,* 787 F. Supp. 2d at 801 Therefore, while New York law governs the fair report privilege, it need not govern the underlying claims.

3d 979, 1008 (N.D. Cal. 2022); *Evanger's Cat & Dog Food Co., Inc. v. Thixton*, 412 F. Supp. 3d 889, 899 (N.D. Ill. 2019) (explaining similar standards under Illinois law).

Whether Plaintiff is a limited purpose public figure or a private figure need not be resolved because under any standard, the Amended Complaint fails to allege *any* facts to support a finding of fault by Portfolio Media. It includes only the conclusory allegations that Portfolio Media published the statements "with reckless disregard for the truth" and that they were "published with common law malice, or ill will." Am. Compl. ¶¶ 25-26. Plaintiff does not allege a single fact to support those conclusions but merely parrots the elements, which is insufficient as a matter of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Ellis v. Starbucks Corp.*, 2015 WL 8293965, at *7 (N.D. Cal. Dec. 9, 2015) (dismissing in part, because the "conclusory allegations do not include any facts showing a failure to use reasonable care in determining the truth or falsity" of the alleged defamatory statement); *Pippen v. NBC Universal Media, LLC*, 2012 WL 12903167, at *2 (N.D. Ill. Aug. 2, 2012), *aff'd sub nom. Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610 (7th Cir. 2013) (dismissing defamation claim because a "bare conclusory claim of malice, unaccompanied by allegations from which the required subjective element of malice might be inferred, is insufficient to survive a motion to dismiss."). The Amended Complaint therefore must also be dismissed for failure to adequately allege fault.

**CONCLUSION**

For the foregoing reasons, Defendant Portfolio Media respectively requests that this Court dismiss with prejudice Plaintiff's Amended Complaint.

Dated: July 14, 2023

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _/s/ Elizabeth A. McNamara_

Harris L. Kay
William E. Walsh
300 North LaSalle Street, Suite 2200
Chicago, IL 60654
Phone: (312) 820-5130
harriskay@dwt.com
billwalsh@dwt.com

Elizabeth A. McNamara (*pro hac vice*)
Hilary Oran (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone: (212) 489-8230
lizmcnamara@dwt.com
hilaryoran@dwt.com

*Attorneys for Defendant Portfolio Media, Inc.*

**CERTIFICATE OF SERVICE**

I, Elizabeth A McNamara, hereby certify that on July 14, 2023, a copy of the foregoing document was filed electronically and served by e-mail to all parties of record via ECF.

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara